**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM NO: 15-00137 (CKK)** |
| | : | |
| v. | : | |
| | : | |
| **CRÉDIT AGRICOLE CORPORATE AND INVESTMENT BANK,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S UNOPPOSED MOTION TO DISMISS**
**WITH PREJUDICE CRIMINAL INFORMATION**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the District of Columbia (the "United States" or "government"), hereby moves to dismiss with prejudice the Criminal Information filed in the above-captioned case against the defendant, Crédit Agricole Corporate & Investment Bank ("CACIB"). In support of this request, the United States relies on the following:

1. On October 20, 2015, the United States filed with this Court a Criminal Information charging CACIB with conspiring to defraud the United States and to violate the International Emergency Economic Powers Act ("IEEPA"), and the Trading With the Enemy Act ("TWEA"), in violation of Title 18 United States Code, Section 371.

2. On October 19, 2015, the United States and CACIB entered into a three-year Deferred Prosecution Agreement ("DPA"). The DPA required, among other things, that CACIB acknowledge responsibility for its criminal conduct, which included (1) processing financial transactions by wire into the United States and United States financial institutions on behalf of sanctioned individuals and entities, most notably in Sudan; and (2) failing to maintain adequate policies, procedures, and practices to ensure its compliance with United States law.

3. As part of the DPA, CACIB agreed to the following conditions, *inter alia*: (a) to acknowledge and accept responsibility for its actions; (b) to terminate the conduct at issue in the DPA

1

and referenced in the factual statement attached to the DPA; (c) to continue its cooperation with the United States; (d) to settle any and all civil and criminal claims currently held by the United States for any act within the scope of, or related to, the factual statement; (e) to satisfy a financial penalty of $312 million in criminal forfeiture; (f) to continue implementation of a compliance and ethics program designed to prevent and detect violations of IEEPA; (g) to provide the United States any reports CACIB was required to provide to the Office of Foreign Assets Control, the Federal Reserve, or the New York Department of Financial Services, and any reports issued to CACIB by the compliance consultant or monitor imposed by the Federal Reserve or the New York State Department of Financial Services; and (h) to report to the United States every 90 days during the term of the DPA regarding remediation and implementation of the required compliance and ethics measures.

4. Per paragraph 14 of the DPA, if CACIB fully complies with all of its obligations under the DPA, the United States will seek dismissal with prejudice of the Criminal Information filed against CACIB.

5. With respect to CACIB's obligations to the United States under the DPA, the government understands and states that CACIB has satisfied all of the conditions and obligations imposed by the DPA. The United States, through a review of law enforcement records, relevant banking records and materials, and publically available sources, as well as exercise of its due diligence, has determined that there is no known information that would indicate CACIB failed to comply with the requirements and obligations of the DPA.

6.       Given that CACIB has fully cooperated with the United States, complied with all of its obligations under the DPA, and not otherwise violated the DPA, the United States therefore submits that dismissal with prejudice of the Information is appropriate under the circumstances and pursuant to the DPA as agreed to by the parties. Specifically, CACIB has, *inter alia*,: paid the financial penalty which included a $312 million criminal forfeiture, provided compliance reports to the United States every 90 days throughout the term of the DPA, shared the monitors' reports issued per agreements between CACIB and the Federal Reserve or the New York State Department of Financial Services, and implemented, or is currently implementing, a compliance and ethics program focused and designed to prevent and detect violations of IEEPA. Consequently, the United States submits dismissal with prejudice is warranted here. *See*, *e.g.*, *Rinaldi v. United States*, 434 U.S. 22, 29-30 (1977) ( "[t]he salient issue ... is not whether the decision to maintain the federal prosecution was made in good faith but rather whether the Government's later efforts to terminate the prosecution[, by way of filing a Rule 48(a) motion,] were ... tainted with impropriety"); *United States v. Fokker Services B.V.*, 818 F.3d 733, 742-43 (D.C. Cir. 2016) (discussing the court's authority when evaluating Rule 48(a) motions and stating that "the leave of court authority gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority"); *United States v. Henderson*, 951 F. Supp. 2d 228, 232 (D.Mass. 2013) (granting the government's Rule 48(a) motion to dismiss with prejudice and recognizing that "in the larger scheme of criminal justice proceedings, it is for the government to make the decision whether further pursuing prosecution [] is a fair, reasonable, and proportionate exercise of prosecutorial discretion") (internal quotations and citations omitted).

WHEREFORE, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests this Court grant the Government's Motion to Dismiss With Prejudice the Criminal Information in the above-captioned matter. A proposed order is attached.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: _____/s/_____
Michelle A. Zamarin
Assistant United States Attorney
D.C. Bar 474240
United States Attorney's Office
555 4th Street NW
Washington, D.C. 20530
(202) 252-6931
michelle.zamarin@usdoj.gov